UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV-314-H

**GENEVA ORR**                                                                                               **PLAINTIFF**

**v.**

**ROD SEELYE**                                                                                               **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff Geneva Orr filed a *pro se* complaint (DN 1) along with an application to proceed without prepayment of fees (DN 3). **IT IS ORDERED** that the application to proceed without prepayment of fees (DN 3) is **GRANTED**. Upon review of the complaint under 28 U.S.C. § 1915(e), the Court will dismiss the instant action.

### I.

Plaintiff alleges that on February 28, 2008, Defendant Rod Seelye "came to my residence without warrant looking for Joe Lancaster also without warrant he enter[e]d residence where he was told to obt[ai]n a warrant." Plaintiff claims that Defendant Seelye then assaulted her and continued his search. Plaintiff reports that her boyfriend, mother-in-law, and children were at home with a "no trespassing sign" up at the time. Plaintiff seeks "relief for the unwarranted assault"; a formal apology for Plaintiff and her guests on the day in question; an order directing Defendant to serve community service; and reimbursement for pain and suffering.

### II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). Upon review, this Court must dismiss a case at any time if it determines that the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, a court must "look for plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Plaintiff fails to identify the basis of this Court's subject matter jurisdiction. To the extent she may seek to invoke this Court's jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, her attempt fails. Under the diversity statute, the Court has jurisdiction over suits between citizens of different states when the amount-in-controversy exceeds $75,000. Plaintiff and Defendant, however, are not diverse in citizenship as they both reside in Kentucky, and Plaintiff has not alleged that she meets the amount-in-controversy requirement.

Under the federal-question statute, codified at 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In liberally construing the complaint, as this Court must, the Court finds that Plaintiff may be attempting to bring a civil rights action under 42 U.S.C. § 1983. To state a § 1983 claim, however, a plaintiff must demonstrate (1) that she has been deprived of a right, privilege or immunity secured by the Constitution and laws of the United States; and (2) that the defendants deprived her of that right while acting under the color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

In the instant case, it is unknown whether Defendant Seelye is a police officer or other state actor. Even if the Court presumes Defendant Seelye was "acting under the color of state law" in allegedly conducting the warrantless search and assaulting Plaintiff, Plaintiff's § 1983

action is untimely. In Kentucky § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).

Plaintiff alleges that the purported wrongdoing occurred at her residence on February 28, 2008. The statute of limitations began running on that date and expired one year later on February 28, 2009. Because Plaintiff did not file the complaint until May 4, 2009, her § 1983 claims are time-barred and must be dismissed. Any supplemental state-law claims are, likewise, untimely under Ky. Rev. Stat. Ann. § 413.140(1) and must be dismissed.

For the reasons stated herein, the Court will dismiss the action by separate Order.

Date:

cc:     Plaintiff, *pro se*
4412.005